DODDS v. DODDS *et al.*

Descent: WHERE THERE IS NO ISSUE: DOWER. Upon the death of the husband without issue, the wife takes only one-half of his personal estate, either as dower or by descent. The same rule applies to the husband, and to real, as well as personal property. Following *Burns* v. *Keas*, 21 Iowa, 257.

*Appeal from Henry District Court.*

MONDAY, DECEMBER 9.

THOMAS DODDS died intestate, in Henry county, on the 21st of February, 1865, without issue, leaving surviving him his widow, the plaintiff herein, his mother, Sarah, and five brothers and sisters, the present defendants and appellants. In October, 1866, the mother released and

transferred to defendants all her interest in the personal estate of the said decedent. The estate, so far as relates to any question now before us, was personal; and on the coming in of the report of the administrators, there remained for distribution near $9,000. The County Court directed that one-half this amount should be paid to the widow, and the other half, in equal proportions, to the brothers and sisters. The widow appealed, and in the District Court she was adjudged to be entitled to *two-thirds* of the whole amount, and the defendants one-third, or each one-fifteenth of the sum in the hands of the administrators.

*Leroy G. Palmer* for the appellants.

*H. & R. Ambler* for the appellee.

WRIGHT, J. — The case of *Burns* v. *Keas* (21 Iowa, 257) related to real property. The statute, however, declares that personal property shall be distributed to the same persons and in the same proportions as though it were real estate. Rev. § 2422. It was there held that the surviving husband — in this case the widow, for the same rule obtains (Rev. §§ 2477, 2479; Laws 1862, ch. 151, §§ 1, 3) — was entitled, there being no issue, to *one-half*, and the sisters, etc., of the deceased, to the other half of the estate. In other words the construction given to the statute was that the widow did not take both by dower and descent. And that case is decisive of this. Upon the suggestion of appellee's counsel, the question has been re-examined, and we see no reason for changing the former ruling. It is proper to remark that the chief justice did not, nor does he now, differ from a majority of the court upon this point. His non-concurrence related alone to the rule governing the descent of the homestead.

Reversed.